1

2

3

4

5

6

7                       UNITED STATES DISTRICT COURT

8                       EASTERN DISTRICT OF CALIFORNIA

9

10   ORLANDO GARCIA,                          No.  2:20-cv-02163-MCE-AC

11              Plaintiff,

12        v.                                  **ORDER**

13   WELCOME NATOMAS, LLC, a
     Delaware Limited Liability Company,

14
                Defendant.
15

16        Presently before the Court is Defendant's Motion to Dismiss (ECF No. 5).[1]  That

17   Motion is GRANTED.

18        On a motion to dismiss for failure to state a claim under Federal Rule of Civil

19   Procedure 12(b)(6), all allegations of material fact must be accepted as true and

20   construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

21   Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain

22   statement of the claim showing that the pleader is entitled to relief" in order to "give the

23   defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell

24   Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

25   47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

26   detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

27

28        [1] Having concluded that oral argument would not be of material assistance, the Court submitted
     this matter on the briefs pursuant to E.D. Local Rule 230(g).

                                              1

1    his entitlement to relief requires more than labels and conclusions, and a formulaic

2    recitation of the elements of a cause of action will not do."  Id. (internal citations and

3    quotations omitted).  A court is not required to accept as true a "legal conclusion

4    couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)

5    (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right

6    to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan

7    Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating

8    that the pleading must contain something more than "a statement of facts that merely

9    creates a suspicion [of] a legally cognizable right of action.")).

10         Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

11    assertion, of entitlement to relief."  Twombly, 550 U.S. at 556 n.3 (internal citations and

12    quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

13    to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

14    the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing 5 Charles

15    Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough

16    facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . .

17    have not nudged their claims across the line from conceivable to plausible, their

18    complaint must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed

19    even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a

20    recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S.

21    232, 236 (1974)).

22         A court granting a motion to dismiss a complaint must then decide whether to

23    grant leave to amend.  Leave to amend should be "freely given" where there is no

24    "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

25    to the opposing party by virtue of allowance of the amendment, [or] futility of the

26    amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

27    Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

28    be considered when deciding whether to grant leave to amend).  Not all of these factors

1   merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

2   carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

3   185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

4   "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group,

5   Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

6   1013 (9th Cir. 2005)); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

7   1989) ("Leave need not be granted where the amendment of the complaint . . .

8   constitutes an exercise in futility . . . .")).

9        Plaintiff has failed to sufficiently allege facts showing that Defendant's website

10   lacked accessibility information.  See, e.g., Barnes v. Marriott Hotel Servs., Inc., No. 15-

11   cv-01409-HRL, 2017 WL 635474, at *10 (N.D. Cal. Feb. 16, 2017).  Given this, Plaintiff's

12   ADA claim is DISMISSED with leave to amend, and the Court declines to exercise

13   supplemental jurisdiction over Plaintiff's state law claim, which is thus dismissed as well.

14

15                                        **CONCLUSION**

16

17        Defendant's Motion to Dismiss (ECF No. 5) is GRANTED with leave to amend.[2]

18   Not later than twenty (20) days following the date this Memorandum and Order is

19   electronically filed, Plaintiff may, but is not required to file an amended complaint.  If no

20   amended complaint is timely filed, the causes of action dismissed by virtue of this Order,

21   will be deemed dismissed with prejudice upon no further notice to the parties.

22        IT IS SO ORDERED.

23   Dated:  September 27, 2021

24

25   MORRISON C. ENGLAND, JR.
     SENIOR UNITED STATES DISTRICT JUDGE

26

27   ────────────────────

28        [2] Defendant's Requests for Judicial Notice are GRANTED to the extent they concern its webpages
     and DENIED as irrelevant as to Plaintiff's litigation history.